# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**FRANK R. WORKMAN,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-261**       (JCN: 2021002597)

**C.J. HUGHES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank R. Workman appeals the May 19, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent C.J. Hughes filed a timely response.[1] Mr. Workman did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which denied Mr. Workman's application to reopen this claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

On August 3, 2020, while employed by C.J. Hughes, Mr. Workman injured his back while he was moving a portable generator. Mr. Workman was seen at St. Mary's Medical Center on August 5, 2020, and he reported back pain. On August 15, 2020, Mr. Workman filed an Employee's Report of Occupational Injury indicating that he suffered a lumbar strain and lumbar radiculitis as a result of his occupational injury. Mr. Workman was seen by Allen Young, M.D., several times between August 28, 2020, and November 6, 2020. Dr. Young recommended physical therapy and a lumbar MRI. Dr. Young opined that Mr. Workman was unable to return to work at that time as his job did not allow modified duty.

The claim was initially rejected by the claim administrator by order dated September 2, 2020. The Office of Judges ("OOJ") issued an order dated June 7, 2021, reversing the

---

[1] Mr. Workman is represented by Edwin H. Pancake, Esq. C.J. Hughes is represented by Scott K. Sheets, Esq.

claim administrator's order and holding the claim compensable for a lumbar sprain. The OOJ also ordered the claim administrator to issue an order regarding TTD benefits. On July 30, 2021, Mr. Workman filed with the claim administrator a "Request Order be Acknowledged" and a "Request for Payment of TTD" from the date of injury through November 4, 2020, and continuing, in which he noted that the OOJ's decision ordered the claim administrator to issue a protestable order granting TTD benefits. The OOJ's decision was affirmed by the Board on October 22, 2021.[2]

On December 27, 2021, Mr. Workman submitted a Claim Reopening Application indicating, in Section 7 of his portion of the form, that he suffered an aggravation and/or progression of the condition or disability resulting from his compensable injury. The physician's portion of the application was completed by Mike Grimes, PA, who opined that Mr. Workman was unable to work from December 13, 2021, through March 15, 2022. In Section 7 of the physician's section of the form, Mr. Grimes responded that Mr. Workman had not experienced "an aggravation or progression of the claimant's disability since being released to resume employment or . . . . having reached maximum medical improvement." Mr. Grimes also indicated that Mr. Workman remained unable to perform regular duty work. The claim administrator issued an order dated January 12, 2022, which denied a reopening of this claim for TTD benefits due to a lack of medical evidence showing that Mr. Workman was temporarily and totally disabled.

David Soulsby, M.D., evaluated Mr. Workman on May 11, 2022. Mr. Workman reported pain in his right lower back which radiated down to his right knee. Mr. Workman also reported that he had not returned to work. Dr. Soulsby diagnosed Mr. Workman with lumbar sprain/strain, lumbar degenerative disc disease, lumbar spinal stenosis, and possible diabetic neuropathy of the lower extremities. According to Dr. Soulsby, only the lumbar sprain/strain was related to the compensable injury, and all other diagnoses were preexisting degenerative conditions. Dr. Soulsby further opined that Mr. Workman had reached maximum medical improvement and could return to work with no restrictions.

On May 19, 2023, the Board affirmed the claim administrator's order, which denied a reopening of this claim for TTD benefits. The Board found that Mr. Workman failed to establish that there was an aggravation or progression of his compensable injury as required for a reopening. Mr. Workman now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2] We note that there is no evidence that the claim administrator ever issued an order regarding TTD benefits after being ordered to do so by the OOJ and affirmed by the Board. There is also no evidence that the claim administrator ever addressed Mr. Workman's request for the OOJ/Board's order to be acknowledged, or his request for payment of TTD benefits. Further, there is no evidence that this claim was ever closed for TTD benefits.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Workman argues that his application for reopening was misfiled; it was filed as a reopening for "progression or aggravation" of the compensable condition when it should have been filed under "facts not previously considered." Mr. Workman further argues that a claimant's attorney checking the wrong box on the form should not preclude a claimant from receiving benefits as it was a "mere technicality that should not be fatal" to the petition. While we disagree with Mr. Workman's arguments, we do agree that the instant case should be reversed.

Here, the Board found that Mr. Workman failed to establish through medical evidence that there was an aggravation or progression of his compensable injury as required for a reopening. Thus, the Board affirmed the claim administrator's rejection of Mr. Workman's application for a reopening of the claim for TTD benefits.

Upon review, we conclude that the Board was clearly wrong in deciding this case based on a reopening of the claim rather than recognizing the failure of the claim administrator to address the initial TTD benefits. We find that the Board failed to adequately consider the fact that in a decision dated June 7, 2021, the OOJ ordered the claim administrator to issue an order regarding TTD benefits, and the claim administrator has since failed to take any action regarding TTD benefits in this claim. Further, we find that the Board should have determined whether Mr. Workman is entitled to TTD benefits for any period during the entirety of the time that he has been unable to return to work.

Accordingly, we reverse the Board's May 19, 2023, order, and remand for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr